UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SEBELA PATENT LITIGATION | Civil Action No. 2:14-cv-06414 (CCC) (MF)<br>Consolidated with: 2:15-cv-06225<br>Consolidated with: 2:14-cv-07400<br>Consolidated with: 2:15-cv-05308 |

## **FINAL JUDGMENT**

WHEREAS, Civil Action No. 2:14-cv-06414 was consolidated with Civil Action Nos. 2:15-cv-06225, 2:14-cv-07400, and 2:15-cv-05308;

WHEREAS, Defendant Actavis Laboratories FL, Inc. filed ANDA No. 207139 seeking approval to market a generic paroxetine mesylate product;

WHEREAS, Defendant Prinston Pharmaceutical Inc. filed ANDA No. 207188 seeking approval to market a generic paroxetine mesylate product;

WHEREAS, in this consolidated matter, Plaintiff Sebela International Limited ("Sebela") asserted that Actavis Laboratories FL, Inc., Actavis Pharma, Inc., Andrx Corp. and Actavis, Inc. (collectively, "Actavis") infringed U.S. Patent Nos. 7,598,271 (the "'271 patent"), 8,658,663 (the "'663 patent"), and 8,946,251 (the "'251 patent") under 35 U.S.C. § 271(e)(2) by filing ANDA No. 207139, and that the manufacture, use, offer to sell, sale, and/or importation of Actavis's ANDA Product will infringe claim 1 of the '271 patent, claims 1-5 of the '663 patent, and claims 1, 2, 4, 9, 10, 11, and 12 of the '251 patent, under 35 U.S.C. §§ 271(a), (b), and (c);

WHEREAS, in this consolidated matter, Plaintiff Sebela asserted that Defendants Prinston Pharmaceutical Inc., Solco Healthcare U.S., LLC, and Huahai US Inc. (collectively, "Prinston") infringed the '271 patent, the '663 patent, and the '251 patent under 35 U.S.C. § 271(e)(2) by filing ANDA No. 207188, and that the manufacture, use, offer to sell, sale, and/or importation of Prinston's ANDA Product will infringe claim 1 of the '271 patent, claims 1-5 of the '663 patent, and claims 1, 2, 4, 9, 10, 11, and 12 of the '251 patent, under 35 U.S.C. §§ 271(a), (b), and (c);

WHEREAS, Plaintiff Sebela withdrew its assertion of claims 3 and 4 of the '663 patent and agreed that it would not assert in this or any other action that claims 3 and 4 of the '663 patent are infringed by the manufacture, use, sale, offer to sell, and/or importation into the United States of the Prinston ANDA Product or the manufacture, use, sale, offer to sell, and/or importation into the United States of the Actavis ANDA Product (Dkt. No. 171);

WHEREAS, Plaintiff Sebela withdrew its assertion of claims 11 and 12 of the '251 patent and agreed that it would not assert in this or any other action that claims 11 and 12 of the '251 patent are infringed by the manufacture, use, sale, offer to sell, and/or importation into the United States of the Prinston ANDA Product or the manufacture, use, sale, offer to sell, and/or importation into the United States of the Actavis ANDA Product (Dkt. No. 171);

WHEREAS, Defendants Actavis and Prinston stipulated that their ANDA Products would infringe claims 1, 2, and 5 of the '663 patent and claims 1, 2, 4, 9, and 10 of the '251 patent if those claims are not proven invalid (Dkt. No. 171);

WHEREAS, Plaintiff Sebela also asserted that Defendants Actavis and Prinston infringed U.S. Patent No. 5,874,447 (the "'447 patent");

WHEREAS, prior to trial, Plaintiff Sebela agreed to withdraw its assertion of infringement of the '447 patent in exchange for Defendants' agreement not to launch their ANDA Products prior

to the expiration of the '447 patent, and Defendants withdrew their counterclaims and defenses regarding the '447 patent (Dkt. No. 171);

WHEREAS, Defendants Actavis and Prinston counterclaimed for a declaratory judgment that the products described in their ANDAs do not infringe the '271 patent, '663 patent, and '251 patent, and that the '271 patent, '663 patent, and '251 patent are invalid;

WHEREAS, a bench trial having been held by this Court from December 8, 2016, to December 14, 2016, closing arguments having been held on February 24, 2017, and March 13, 2017, and the Court having issued its Opinion and Order in this matter on June 9, 2017 (Dkt. Nos. 273, 274), and for the reasons set forth therein,

It is on this 14th day of September, 2017, hereby **ORDERED AND ADJUDGED** for the reasons set forth in the Court's Opinion and Order dated June 9, 2017, that:

### I.  U.S. Patent No. 7,598,271

1. Judgment is entered in favor of Defendants, and against Sebela, on Sebela's claims of infringement of U.S. Patent No. 7,598,271 (the "'271 patent").

2. Judgment is entered in favor of Defendants, and against Sebela, on their respective counterclaims for a declaratory judgment of non-infringement of the '271 patent.

3. Actavis's making, using, selling, offering to sell, or importing into the United States its generic product described in ANDA No. 207139 does not infringe claim 1 of the '271 patent under 35 U.S.C. § 271(a), (b), or (c).

4. Prinston's making, using, selling, offering to sell, or importing into the United States its generic product described in ANDA No. 207188 does not infringe claim 1 of the '271 patent under 35 U.S.C. § 271(a), (b), or (c).

     5.    Defendants' declaratory judgment counterclaims for invalidity of claim 1 of the '271 patent are dismissed without prejudice.

**II.**    **U.S. Patent No. 8,658,663**

     6.    Judgment is entered in favor of Defendants, and against Sebela, on their counterclaims for declaratory judgments of invalidity with regard to claims 1, 2, and 5 of U.S. Patent No. 8,658,663 (the "'663 patent").

**III.**    **U.S. Patent No. 8,946,251**

     7.    Judgment is entered in favor of Defendants, and against Sebela, on their counterclaims for declaratory judgments of invalidity with regard to claims 1, 2, 4, 9, and 10 of U.S. Patent No. 8,946,251 (the "'251 patent").

\* \* \* \* \*

     8.    Pursuant to Fed. R. Civ. P. 58(a), this is the FINAL JUDGMENT of the Court.

     9.    The parties' respective claims for exceptional case, attorneys' fees and/or costs are expressly preserved and may be presented to the Court upon the conclusion of any appeal, following remand to this Court, or if there is no appeal taken, then 90 days from the entry of Final Judgment in this matter, or upon such schedule as the Court may approve.

_____
Honorable Claire C. Cecchi
U.S. District Judge