NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

IN RE: SEBELA PATENT LITIGATION

-------------------------------------------------

**SEBELA IRELAND LIMITED,**
*Plaintiff-Appellant*

v.

**PRINSTON PHARMACEUTICAL INC., SOLCO HEALTHCARE U.S., LLC, HUAHAI US INC.,**
*Defendants-Appellees*

**ACTAVIS LABORATORIES FL, INC., ACTAVIS PHARMA, INC., ANDRX CORP., N/K/A ANDRX LLC, ACTAVIS, INC.,**
*Defendants*

_____

2018-1036

_____

Appeal from the United States District Court for the District of New Jersey in Nos. 2:14-cv-06414-CCC-MF, 2:14-cv-07400-CCC-MF, 2:15-cv-05308-CCC-JBC, 2:15-cv-06225-CCC-JBC, Judge Claire C. Cecchi.

_____

Decided: April 20, 2021

_____

MARK CHRISTOPHER FLEMING, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, argued for plaintiff-appellant. Also represented by CHRISTINE DUH, Palo Alto, CA; JAYITA GUHANIYOGI, Foley & Lardner LLP, New York, NY; RYAN SCHMID, Washington, DC; RAMY HANNA, STEVEN J. RIZZI, King & Spalding LLP, New York, NY.

SCOTT A. CUNNING, II, Parker Poe Adams & Bernstein, LLP, Washington, DC, argued for defendants-appellees. Also represented by ELIZABETH CROMPTON; KYLE MUSGROVE, Charlotte, NC.

_____

Before TARANTO, CHEN, and STOLL, *Circuit Judges*.

CHEN, *Circuit Judge*.

This appeal arises from several patent infringement actions filed by Sebela[1] in the United States District Court for the District of New Jersey against Prinston[2] and Actavis.[3] Sebela accused Prinston and Actavis of infringing claims of U.S. Patent Nos. 8,658,663 ('663 patent) and 8,946,251 ('251 patent), both relating to methods of using paroxetine to treat thermoregulatory dysfunction associated with menopause.[4] Following a bench trial, the district court found claims 1, 2, and 5 of the '663 patent and claims

---

[1] Sebela Ireland Limited's (Sebela) predecessor in interest initiated these lawsuits.

[2] Prinston Pharmaceutical Inc., Solco Healthcare U.S., LLC, and Huahai US Inc. will be collectively referred to as Prinston.

[3] Actavis Laboratories FL, Inc., Actavis Pharma, Inc., Andrx Corp. (n/k/a Andrx LLC), and Actavis, Inc. will be collectively referred to as Actavis.

[4] Sebela also accused Prinston of infringing claims of U.S. Patent No. 7,598,271, not at issue in this appeal.

1, 2, 4, 9, and 10 of the '251 patent invalid as obvious. *See In re Sebela Pat. Litig.*, No. 2:14-cv-06414-CCC-MF, 2017 WL 3449054 (D.N.J. Aug. 11, 2017) (*Opinion*); J.A. 69–72 (*Final Judgment*).

Sebela's appeal is unusual in that it does not challenge the district court's invalidity holding based on obviousness grounds; it actually asks us to summarily affirm that decision. Instead, Sebela's objective is to ensure that any adverse alternative rulings made by the district court for those same patent claims as to utility and written description carry no preclusive effect. Specifically, Sebela asks us to summarily affirm the district court's unchallenged obviousness ruling while at the same time making clear that we do not reach the district court's findings as to written description and utility. In effect, Sebela's theory for standing to bring this appeal rests on its view that any alternative invalidity holding based on written description or utility grounds has a substantial chance, under Third Circuit law, of being given preclusive effect against Sebela's related patent claims it has asserted in a separate patent infringement action regarding U.S. Patent No. 9,393,237 ('237 patent). Prinston, for its part, has not declared that it will forgo any invocation of preclusion as to any written description and utility determinations by the district court here. Rather, it contends that Sebela lacks standing in this appeal because Sebela has not sought to overturn the district court's judgment that the asserted claims are invalid (for obviousness) and issue preclusion concerns are an insufficient basis for standing to appeal.

We need not address the correctness of Sebela's standing theory because it rests on an erroneous premise—that the district court made alternative invalidity holdings based on written description and utility grounds. While the district court briefly discussed those two potential invalidity grounds, it did so in an inconclusive, contingent manner that did not result in additional, alternative holdings to the obviousness ground for invalidity. Because

Sebela's only identified injury it seeks to undo in this appeal is based on a misreading of the district court's decision, we conclude Sebela lacks constitutional standing to bring this appeal. Accordingly, we *dismiss*.

## DISCUSSION

"Because the Constitution limits its grant of the judicial power to Cases or Controversies, U.S. Const., art. III, § 2, any party that appeals to this court must have standing under Article III before we can consider the merits of the case. . . . For a party to have standing, it must show (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *See AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357, 1361 (Fed. Cir. 2019) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted)). Critical to Sebela's sole theory for appellate standing—its injury in fact—is its interpretation of the district court's decision as having made alternative holdings of invalidity for the asserted claims: (1) obviousness; (2) lack of written description; and (3) lack of utility. That premise plays a crucial role in the understanding of preclusion law that undergirds Sebela's assertion of a concrete interest in securing the affirmance it seeks.

On matters of preclusion law, we would follow Third Circuit law (or, of course, superseding Supreme Court pronouncements). *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 937 F.3d 1359, 1370 (Fed. Cir. 2019), *reh'g denied*, 943 F.3d 1383 (Fed. Cir. 2019). Alternative holdings of a district court may have preclusive effect in the Third Circuit, which follows the Restatement (First) of Judgments § 68 cmt. n (1942). *Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 251, 253, 255 (3d Cir. 2006) ("[W]e will follow the traditional view that independently sufficient alternative findings should be given

preclusive effect."). But there is good reason to think that, where alternative holdings are challenged on appeal and the appellate court does not reach them, preclusive effect would not be given to those holdings. One reason for that conclusion is Supreme Court authority. *Jennings v. Stephens*, 574 U.S. 271, 278 (2015) ("*Whenever* an appellee successfully defends a judgment on an alternative ground, he changes what would otherwise be the judgment's issue-preclusive effects. Thereafter, issue preclusion no longer attaches to the ground on which the trial court decided the case, and instead attaches to the alternative ground on which the appellate court affirmed the judgment. Restatement (Second) of Judgments § 27 (1982)."). Another is that the *First Restatement* itself so provides. *See First Restatement* § 69, cmt. b; *see also Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1169 (5th Cir. 1981). Sebela asks us to affirm on obviousness, without our reaching Sebela's challenges on appeal regarding written description and utility, thereby eliminating any preclusive effect of any alternative holdings on those issues.

We read the district court's opinion, however, as reaching only a single holding for invalidating the patent: obviousness. Several aspects of the language and character of the *Opinion* channel us to this conclusion. First, unlike its highly detailed discussion of obviousness, *Opinion*, 2017 WL 3449054 at *20–26, the district court only briefly discussed utility and written description, *id.* at *26–29. Second, the district court's final conclusion refers only to obviousness: "Prinston and Actavis have met their burden of proving clear and convincing evidence that the '663 and '251 patents are *invalid as obvious*," *id.* at *29 (emphasis added).

Significant to our understanding of the district court's decision is the way in which its brief utility and written description discussions are written and structured in a contingent, and not alternative, manner. When discussing

utility, the district court noted: (1) "if [it] had found the method of treatment patents nonobvious, [it] would have concluded that the asserted claims are invalid for lack of credible utility," *id.* at *27; (2) "were [it] to find the claimed methods are [nonobvious], it would instead find the patents invalid for lack of credible utility," *id.* at *28; and (3) "while [it] has found the claimed methods are obvious, had it not, it would instead find the patents invalid for lack of credible utility," *id.* Likewise, for written description, the district court stated that "[w]ere [it] to conclude that the patents are nonobvious, it would also conclude that the specification as it was filed does not reasonably convey to those skilled in the art that the inventor had possession of the claimed subject matter at that time," *id.* at *29. This contingent and inconclusive language is distinct from the language typically used to signal an alternative holding because it depends on the district court finding the claims nonobvious. *See, e.g., United States v. Wallace*, 964 F.3d 386, 390 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 910, 208 L. Ed. 2d 460 (2020) (noting that alternative holdings are often introduced with language such as "*even if* the employee had produced evidence of an oral contract" or "*even were* there error that was plain" (emphases added)). As Prinston acknowledges, Oral Arg. at 27:33–27:45, a contingent finding does not amount to an alternative holding, and therefore could not have preclusive effect, *see Jean Alexander*, 458 F.3d at 255.

The record also supports our understanding that the district court reached only a single ground of invalidity. When discussing the *Opinion* at the preliminary injunction hearing in the '237 patent infringement suit, the district court asked the following: "But given the Court's ruling which was on obviousness, on the basis of obviousness, can you respond in terms of your focus at this point on utility and written description?" J.A. 3574. This statement further confirms that the district court based its invalidity conclusion in the *Opinion* on obviousness alone and made

only contingent findings, not alternative holdings, for utility and written description.

Because we conclude that the *Opinion* provides only a 35 U.S.C. § 103 holding of invalidity, which Sebela does not challenge on appeal, we must therefore dismiss this appeal for lack of constitutional standing.

## CONCLUSION

For the foregoing reasons, we conclude that Sebela lacks standing to appeal. The district court provided only a § 103 holding of invalidity, which Sebela does not contest. Therefore, we *dismiss*.

**DISMISSED**